# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HOUMAN RASHIDY,

      Petitioner,

      v.                                    Case No. 1:26-cv-02217 KWR-KRS

TODD BLANCHE, *Attorney General of the United States,*
MARKWAYNE MULLIN*, Secretary of the Department
of Homeland Security,* David Venturella, *Acting Director of
U.S. Immigration and Customs Enforcement*,
MARY DE ANDA-YBARRA, *Field Office Director
for Detention and Removal, and*
WARDEN, *Torrance County Detention Facility*,

      Respondents.

## <u>ORDER GRANTING IN PART HABEAS PETITION</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is subject to a final order of removal and has been in detention pending his removal from the country under 8 U.S.C. § 1231 for approximately eight months. Petitioner asserts there is not a significant likelihood of his removal in the reasonably foreseeable future, and he should be released under *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The Court concludes that Petitioner is entitled to release because he is detained without a significant likelihood of removal in the reasonably foreseeable future in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). Therefore, having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is well-taken and therefore is **GRANTED in part.** The Court orders Respondents to immediately release Petitioner.

## BACKGROUND

Petitioner is a citizen of Iran. He is in ICE custody at the Torrance County Detention Facility in New Mexico. On June 5, 2025, Petitioner was ordered removed but was granted withholding of removal. Doc. 6 at 2; Doc. 6-2. The removal order became final on that date because both parties waived appeal. Doc. 6-2 at 4; Doc. 6-3 at 2. At least thirteen months have passed since his removal order became final. It appears that Petitioner has been detained that entire time.

Petitioner asserts in part that his detention violates *Zadvydas*. Petitioner asserts that his removal is not significantly likely in the reasonably foreseeable future because his removal to Iran is withheld and Respondents have not found a third country willing to accept him.

Respondents oppose relief and attach a Declaration to their response. Respondents assert they have attempted to identify a third country that would accept Petitioner. Doc. 6 at 2; Doc. 6-2 at 2. Respondents assert that Canada, Brazil, and Honduras have each declined to accept Petitioner. Doc. 6 at 2*;* Doc. 6-3 at 2-3. Respondents have not stated that they have contacted any other third country. Notably, the Declaration reflects that no further action has been taken to remove Petitioner since September 2025. *See* Doc. 6-3 at 3-4.

In sum, all contacted third countries have refused to accept Petitioner. The immigration judge withheld removal to Iran. Respondents admit that "the anticipated timeline to remove Petitioner is currently unknown." Doc. 6-3 at 4.

## LEGAL STANDARD

Petitioner seeks release from detention under a habeas statute, 28 U.S.C. § 2241. The Constitution guarantees that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner

who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas*, 533 U.S. at 687-88).

## DISCUSSION

### I.     The Court grants Petitioner's *Zadvydas* claim.

Petitioner asserts that his removal from the country is not significantly likely in the reasonably foreseeable future in violation of *Zadvydas*. Petitioner made an initial showing that his removal was not significantly likely in the reasonably foreseeable future. As explained below, the burden shifted to Respondents to show that his removal is significantly likely in the reasonably foreseeable future to a third country. Respondents failed to make such a showing, and therefore Petitioner is entitled to immediate release under *Zadvydas*.

An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in

the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

Here, Petitioner's removal order became final on June 5, 2025, as all parties waived appeal. 8 C.F.R. § 1241.1. Therefore, approximately thirteen months have passed since a final order of removal was entered.

Petitioner provided good reason to believe that there is not a significant likelihood of removal in the reasonably foreseeable future. Petitioner's order of removal became final in June 2025, and more than thirteen months have passed since the entry of his order of removal. Petitioner asserts that removal to Iran was withheld. He also asserts that no third country has accepted him. Thus, Petitioner has shown good reason to believe there is not a significant likelihood of removal in the reasonably foreseeable future.

After a petitioner has shown that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the respondents to rebut the showing. *Zadvydas*, 533 U.S. at 701. Respondents must provide "evidence" in rebuttal. *See id.*

Respondents assert they have attempted to identify a third country that would accept Petitioner. Doc. 6 at 2; Doc. 6-2 at 2. Respondents assert that Canada, Brazil, and Honduras have each declined to accept Petitioner. *Id;* Doc. 6-3 at 2-3.  Respondents have not stated that they have contacted any other third country. Notably, the Declaration reflects that no further action has been taken to remove Petitioner since September 2025. *See* Doc. 6-3 at 3-4. They do not point to anything in the record to suggest that any other third country would accept Petitioner. They have also not pointed to any travel document, scheduled deportation, or anything else to suggest that removal is significantly likely in the reasonably foreseeable future. In sum, all contacted third

4

countries have refused to accept Petitioner. The immigration judge withheld removal to Iran. Respondents admit that "the anticipated timeline to remove Petitioner is currently unknown." Doc. 6-3 at 4. Respondents do not assert that Petitioner has obstructed his removal, or that any obstruction is a basis to detain him.

Therefore, for the reasons stated herein, the Court concludes that Respondents have not established that there is a significant likelihood of removal in the reasonably foreseeable future.

### CONCLUSION

As explained above, the Court concludes that Petitioner is entitled to release under *Zadvydas*, as he has been detained for over six months without a significant likelihood of removal in the reasonably foreseeable future. Therefore, Petitioner shall be immediately released under appropriate conditions of supervision. The Court will enter a separate judgment.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **GRANTED in part** for the reasons described in this Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Temporary Restraining Order (Doc. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Respondents shall immediately release Petitioner with appropriate conditions of supervision.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE